## C. W. ANDREWS

### v.

## ORA J. BUTLER.

*Negotiable Instruments—Note—Action Against Indorser—Waiver of Right to Deny Indorsement—Insolvency of Maker—Sufficient Evidence of.*

1. In an action on a promissory note by the holder against the indorser, where the defendant denied the indorsement, it is *held*, that the action of the defendant, after he had been informed of the fact of the indorsement made by his alleged agent, was such as to estop him from denying the indorsement, in an action by a *bona fide* holder.

2. The insolvency of the maker having been apparently tacitly admitted in the trial court, *held*, that the record contained enough evidence on that point to sustain a verdict against the indorser.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. HENRY & GWINN, for appellant.

Mr. CHARLES W. BLISS, for appellee.

MR. JUSTICE WALL. This was a suit by Butler against Andrews to recover the amount due upon a note made by one Williams to Andrews and by the latter indorsed, as alleged. The case was tried by the court without a jury by consent. The finding was for the plaintiff and judgment

passed accordingly for $54.40. The defendant denied the indorsement, and the first question is upon the issue thus made.

It appears the indorsement was actually written by one Hicks, who was the agent of Andrews for collecting notes and claims due him. It may be admitted that Hicks had no specific authority to make this indorsement, yet we are inclined to think that Andrews by his conduct after learning of the indorsement has estopped himself from making the defense. He insisted that the indorsement should have been without recourse, and after hearing that it had been indorsed with recourse he went to the holder of the paper and had some conversation with him in which it appears it was admitted a mistake had been made and there was something said about correcting it, but it was not done, and the note in this condition was permitted to remain in the hands of the purchaser, who soon after traded it to another, and he in turn traded it to Butler. Butler bought on the strength of Andrews' indorsement, knowing the maker was not good, and gave value for it in trade. Andrews by his own act, after he knew the character of the indorsement, suffered the note to remain in that condition until it passed to a *bona fide* holder. He should not be allowed to deny the indorsement.

It is urged also there is no proof that the maker of the note was insolvent and that a suit against him would be unavailing. Evidently this point was conceded in the trial below. It was tacitly admitted all the way through that Williams was insolvent, and Butler so expressly testified, but as he spoke in the present tense, it is insisted that it was thereby merely proved it was so at the time the testimony was delivered, but he testified also he knew when he traded for the note that Williams was not good and that he took it on the strength of the indorsement. In all the testimony it is clearly implied that the note was worthless but for the indorsement; no less is this so in the testimony of Andrews himself. Had there been any purpose to contest this point in the trial court, the proof would have been quite different.

We have no doubt it was not disputed that a suit against the maker would have been unavailing. The proof contained in the record should suffice in the absence of anything to the contrary.

The judgment will be affirmed.

*Judgment affirmed.*